# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**STANLEY LEMECH PETTY, JR.,**

    **Petitioner,**

v.                                                         **Civil Action No. 1:07cv140**
                                                          **(Judge Keeley)**

**JOE DRIVER, Warden,**

    **Respondent.**

## ORDER GRANTING IN FORMA PAUPERIS BUT DIRECTING PETITIONER TO PAY THE $5.00 FILING FEE

On October 16, 2007, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. This case is before the undersigned on the petitioner's Motion to Proceed In Forma Pauperis and Prisoner Trust Account Report.

All litigants are required to pay the costs and fees associated with civil lawsuits unless their financial condition warrants a grant of *in forma pauperis* status pursuant to 28 U.S.C. § 1915. Therefore, if a petitioner submits a certified copy of his trust fund statement for the six-month period immediately preceding the filing of the action, then the Court may consider his request. In his affidavit, the petitioner asserts that he not is employed, that he has no asserts, but that he does occasionally receive monetary gifts from his family. The petitioner's affidavit is supported by the ledger sheets from his inmate account.

The ledger sheets to the petitioner's inmate account show that the last time the petitioner received employment compensation was May 23, 2007. In addition, the ledger sheets show that the petitioner receives regular deposits from outside sources. Specifically, the petitioner's ledger sheets show that during the six months preceding the filing of this action, the petitioner's inmate account

received average monthly deposits of $57.50.

Accordingly, the Court finds that the petitioner is a pauper and **GRANTS** his motion (dckt. 3). However, because the petitioner receives sufficient funds to pay the $5.00 filing fee, he will be required to pay that fee within **twenty (20) days** from the date of this Order. The failure to do so could result in the dismissal of this case without further notice.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner.

DATED: October 24, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE